Drew G. Johnson (OSB No. 114289)
drew@leimanlaw.com
Alan J. Leiman (OSB No. 980746)
alan@leimanlaw.com
LEIMAN & JOHNSON, LLC
44 W. Broadway, Suite 326
Eugene, OR  97401

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON
## EUGENE DIVISION

| | |
|---|---|
| **ADAN DELGADO ROJAS**, <br><br> Plaintiff, <br><br> v. <br><br> **WILLIE'S WOODWORKING LLC,** an Oregon limited liability company, and **DALE MCCLEARY**, <br><br> Defendants. | CASE NO.:  6:18-cv-01121 <br><br> **FLSA MINIMUM WAGE AND OVERTIME COMPLAINT; OREGON WAGE AND HOUR LAWS**; <br> Fair Labor Standards Act 29 U.S.C. § 201 *et*. *seq*.; Oregon Wage and Hour Laws (ORS 652) <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff, ADAN DELGADO ROJAS ("Plaintiff"), brings this Fair Labor Standards Act ("FLSA") action for violations of the FLSA and Oregon's Wage and Hour laws against Defendants, WILLIE'S WOODWORKING, LLC, an enterprise engaged in commerce or the production or goods for commerce ("Willie's"), and DALE MCCLEARY ("McCleary") a member of WILLIE'S (hereinafter collectively, "Defendants"). Plaintiff makes his allegations based upon personal knowledge, information, and belief.

### INTRODUCTION

1. Plaintiff was hired in or around early January 2016 by Defendants to work as a carpenter.

2. Throughout his employment by Defendants, McCleary directed Plaintiff's work and assigned him tasks.

3. Throughout his employment, Defendants promised to compensate Plaintiff for his work by paying him hourly at a rate of $25.00 per hour.

4. Throughout his employment, Plaintiff was employed and worked as a W-2 employee and was not exempt from the minimum wage or overtime provision of the FLSA or Oregon Wage and Hour Laws.

5. During his employment with Defendants, Plaintiff worked many hours of overtime for Defendants without being paid overtime compensation. He routinely worked more that eight hours in a day and often worked more than five days per week. Plaintiff regularly worked more than 40 hours in a seven-day workweek – typically working eight to ten hours per day, often working six days per week.

6. Throughout his employment, Defendants failed to pay Plaintiff overtime compensation for all hours worked over 40 hours in a workweek.

7. Plaintiff has not been paid for all hours worked at his promised rate of pay.

8. Plaintiff has not been paid overtime compensation for all hours worked over 40 hours in a workweek.

9. Defendants failed to compensate Plaintiff for all of the work he performed on behalf of Defendants between June 2016 and November 2016, and also between April 2017 and May 2017.

10. Plaintiff did not perform work for Defendants between November 2016 and late April 2017.

11. At times material during his employment by Defendants, Plaintiff was an employee as defined by the FLSA and Oregon Wage and Hour Laws (ORS Chapter 652).

2 – Complaint

12. At times material during his employment with Defendants as specified herein, Plaintiff was properly classified as a W-2 employee.

13. At times material to this Complaint, Defendants suffered and permitted Plaintiff to work as their employee without paying him for all hours worked during the periods specified above.

14. Defendants controlled all aspects of the work Plaintiff performed for Defendants.

15. During his employment, Plaintiff was required to pay unlawful kickbacks to Defendants in the form of unreimbursed purchases, use of Plaintiff's personal vehicle, tools and equipment, and other business expenses. The unreimbursed expenses that Plaintiff paid for Defendants' benefit substantially reduced Plaintiff's gross compensation.

16. Plaintiff brings this action to recover his unpaid overtime compensation, liquidated damages, and penalties owed to him under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. and Oregon Wage and Hour Laws, ORS Chapter 652 ("Oregon Wage and Hour Laws").

17. With this action, Plaintiff seeks compensatory and liquidated damages, penalties, attorney's fees, taxable costs of court, pre- and post-judgment interest and penalty wages, and other relief, pursuant to 29 U.S.C. § 216(b) and Oregon Wage and Hour Laws for Defendants' willful failure to pay wages including minimum wages and overtime wages due to Plaintiff.

18. Plaintiff demands a jury trial on all issues that may be tried to a jury.

19. This action is authorized and instituted pursuant to the FLSA, 29 U.S.C. § 201 *et seq*.

## JURISDICTION AND VENUE

20. Jurisdiction is conferred on this Court by 29 U.S.C. § 216(b), as this action arises under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.; 28 U.S.C. § 1331; and 28 U.S.C. §1337, as it arises under acts of Congress regulating commerce. Jurisdiction of the state law claims is

conferred on this Court by 28 U.S.C. § 1367 because the state law claims form a part of the same case or controversy as the federal claims under Article III of the United States Constitution.

21. Venue is proper in this District Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to this complaint occurred in the District of Oregon.

## PARTIES

22. Defendant, Willie's Woodworking, LLC is an Oregon limited liability company based in Junction City, Oregon.

23. Defendant McCleary is believed to be a resident of Lane County, Oregon and is identified on business registry documents filed with the Oregon Secretary of State as a member of Defendant Willie's Woodworking, LLC.

24. At all material times, Defendants operated a commercial and residential custom woodworking and/or finish carpentry business.

25. Defendants are subject to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. and Oregon Wage and Hour Laws, ORS Chapters 652 and 653.

26. At all material times, Defendants operated an enterprise in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1) because they had employees engaged in commerce. Based upon information and belief, the annual gross sales volume of Willie's was in excess of $500,000.00 per annum at all times material hereto. Alternatively, the Plaintiff worked in interstate commerce so as to fall within the protections of the FLSA.

27. At all material times, Defendants Willie's and McCleary have been employers within the meaning of 3(d) of the FLSA, 29 U.S.C. § 203(d). Defendants directly or indirectly acted in the interest of an employer toward the Plaintiff at all material times, including, without limitation, directly or indirectly controlling all employment terms and working conditions of Plaintiff.

28. Plaintiff currently resides in Lane County, Oregon.

29.     At all times while working for Defendants, Plaintiff was not compensated in a manner that comports with the overtime provisions of either the FLSA or Oregon Wage and Hour laws.

30.     At times material to this Complaint while working for Defendants, Plaintiff drove his personal vehicle, which weighed less than 10,001 pounds gross vehicle weight for Defendants.

**FACTS**

31.     At all times material to this Complaint Plaintiff performed work related to woodworking, finish carpentry, and construction for the benefit of Defendants and Defendants' customers.

32.     At times material to this Complaint, Defendants promised to pay Plaintiff $25.00 per hour.

33.     At all times material to this Complaint, Defendants controlled Plaintiff's work including setting his work schedule and specifying the precise times and locations of work to be performed.

34.      As a condition of his employment, Plaintiff was required by Defendants to use his personal vehicle to drive between work locations and various parts and material suppliers to purchase, transport, and deliver materials for Defendants.

35.     At all times material to this Complaint, as a condition of his employment, Plaintiff was required by Defendants to pay all fuel, automobile insurance, and maintenance expenses related to the operation of his personal vehicle for the benefit of Defendants.

36.     As a condition of his employment, Plaintiff was required by Defendants to pay for and use his personal cell phone and cellular data to conduct Defendants' business.

37.     During his employment, Plaintiff provided a direct economic benefit, or kickback, to Defendants as a condition of his employment by: 1) using his personal cell phone, while also paying for and using his personal cellular data services; and, 2) using his personal vehicle, while also paying all vehicle operating expenses, for the direct benefit of the Defendants.

38. At all times material to this Complaint, Defendants enjoyed cost-saving kickbacks from Plaintiff in the form of vehicle operation and maintenance expenses and cell phone services that were paid by Plaintiff for the direct benefit of Defendants.

39. At times material to this Complaint, Defendants failed to reimburse Plaintiff for the use of his vehicle and personal communications devices and service, paid for by Plaintiff, but used for Defendants' benefit during the course of performing work for Defendants.

40. As a result of being required to pay kickbacks to Defendants, Plaintiff's compensation was reduced below his agreed upon rate of pay.

41. Sometime on or around June 2016, Defendants ceased paying Plaintiff even though Plaintiff continued working as an employee for Defendants.

42. Defendants failed to pay Plaintiff any compensation from June 2016 through October 2016, and from April 2017 through May 2017.

43. Defendants did not pay Plaintiff between June 2016 and October 2016 even though Plaintiff worked full-time for Defendants and routinely earned overtime by working in excess of 40 hours in a workweek on multiple weeks during that period.

44. From on or about June 2016 through sometime on or about May 2017, Defendants failed to compensate Plaintiff at the promised rate of pay for work performed, including failing to pay overtime compensation for hours worked over 40 hours in a workweek.

45. Plaintiff has not been properly compensated for all hours worked throughout the course of his employment by Defendants.

46. Plaintiff has not been provided with itemized statements of pay and Defendants failed to pay Plaintiff on a regular payday.

47. Records of all hours worked by Plaintiff are in possession and control of Defendants.

48. At all times material to this Complaint, Defendants willfully failed to compute Plaintiff's correct regular rate of pay for purposes of determining the amount of overtime compensation due to Plaintiff.

49. At all times material to this Complaint, Defendants willfully failed to comply with Oregon and federal wage and hour laws with respect to recordkeeping and the payment of minimum wage and overtime.

## FIRST CLAIM FOR RELIEF
### (FLSA Minimum Wage and Overtime Violations - 29 U.S.C § 207)

50. Plaintiff re-alleges and incorporates herein by reference, all allegations contained in paragraphs 1 through 51 above.

51. At times material to this Complaint, Plaintiff performed duties for the benefit of, and on behalf of the Defendants, under employment terms and conditions set by Defendants.

52. At all times material to this Complaint, Defendants were required to pay Plaintiff in accordance with the overtime provisions of the FLSA.

53. At times material to this Complaint, Defendants did not compute a regular rate of pay for Plaintiff by adding together his earnings for a workweek and dividing that sum by the total hours worked as required by 29 C.F.R. §778.111.

54. At times material to this Complaint, Defendants did not account for the business expenses incurred by Plaintiff for Defendants' benefit when computing his rates of pay.

55. Defendants' failed to compute a regular rate of pay and properly compensate Plaintiff for the overtime compensation earned by Plaintiff.

56. Defendants have not paid Plaintiff for all hours worked at his agreed upon rate of pay.

57. Defendants have not paid Plaintiff the correct amount of overtime pay at a rate equal to one and one-half of his regular rate of pay for workweeks in which he worked in excess of 40 hours in violation of 29 U.S.C. § 207.

58. At all material times hereto, Defendants failed to comply with Title 29 U.S.C. §§ 201-209 in that the Plaintiff performed services and labor for Defendants for which Defendants failed to track hours worked, failed to compute a regular rate of pay, and failed to pay Plaintiff the correct amount of agreed upon hourly compensation and overtime. Plaintiff is entitled to liquidated damages for Defendants' willful failure to pay the correct amount of agreed upon pay and overtime.

59. Plaintiff bring this action individually against Defendants jointly and severally, seeking overtime compensation, liquidated damages, pre-judgment interest, costs, and attorneys' fees arising from the law violations set forth herein.

60. Defendants' failure to pay Plaintiff all minimum wages and overtime earned resulted from the Defendants' willful act of knowingly failing to properly compensate Plaintiff for all hours worked when Plaintiff was an employed as a non-exempt employee subject to the minimum wage and overtime protections of the FLSA.

61. By reason of said intentional, willful, and unlawful acts of Defendants, Plaintiff has suffered damages and has also incurred costs and reasonable attorneys' fees.

**SECOND CLAIM FOR RELIEF**
**(Oregon Wage and Hour Law Violations)**

62. Plaintiffs re-allege and incorporate herein by reference, all allegations contained in paragraphs 1 through 51 above.

63. Defendants, jointly and severally, violated ORS 652 when they failed to pay Plaintiff all wages due and owing, failed to pay Plaintiff on a regular payday, and failed to pay Plaintiff all wages due upon termination of Plaintiff's employment.

64. Plaintiff has been damaged by Defendants' violations of Oregon Wage and Hour Laws and is entitled to his actual damages and penalty wages pursuant to ORS 652.150, plus pre-judgment interest, in amounts to be determined by the jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully ask the Court to grant the following relief against Defendants jointly and severally:

1. On the First Claim for Relief, award Plaintiff his actual damages for unpaid overtime in an amount to be determined at trial, plus an equal amount as liquidated damages for failure to pay overtime pursuant to the FLSA.

2. On the Second Claim for Relief, award Plaintiff his actual damages for violations of Oregon Wage and Hour Laws, and penalty wages calculated according to ORS 652.150, in amounts to be determined by the jury.

3. Award Plaintiff his reasonable attorney fees and costs;

4. Award Plaintiff his pre-judgment and post-judgment interest; and

5. Award Plaintiff any and all such other legal and equitable relief as this Court deems just and proper.

//
//
//
//
//

9 – Complaint

**DATED the 26th day of June 2018.**                Respectfully submitted,

    __/s Drew G. Johnson_____
Drew G. Johnson
E-mail: drew@leimanlaw.com
Oregon State Bar No.:  114289
44 W. Broadway, Suite 326
Eugene, OR  97401
Telephone: (541) 345-2376
Facsimile:  (541) 345-2377
Of Attorneys for Plaintiff

    __/s Alan J. Leiman_____
Alan J. Leiman
E-mail: alan@leimanlaw.com
Oregon State Bar No.:  98074
44 W. Broadway, Suite 326
Eugene, OR  97401
Telephone: (541) 345-2376
Facsimile:  (541) 345-2377
Of Attorneys for Plaintiff

10 – Complaint